IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LATRINA D. CULLUM, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3028 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| JANICE AXDAHL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the civil rights complaint filed by the pro se plaintiff, LaTrina D. Cullum, a prisoner who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that the defendant denied her assistance in appealing a misconduct report, in violation of the plaintiff's right of access to the courts.

### Individual or Official Capacity, or Both

The complaint does not state whether the defendant is sued in her individual capacity, official capacity, or both capacities. In those circumstances, official capacity, only, will be presumed. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a corrections officer, in his or her official capacity, is in reality a claim against the entity that employs the officer. Accordingly, the plaintiff's claim against the defendant presently constitutes a claim against the State of Nebraska only. However, no damages may be recovered from the State or any state agency because of the sovereign immunity recognized and preserved by the Eleventh Amendment to the U.S. Constitution.

Therefore, if a claim against the defendant, in the defendant's official capacity *only*, is not the plaintiff's intent, the plaintiff may file a short amendment to the complaint within 30 days from the date of this Order to clarify whether the defendant is sued in her official capacity, individual capacity or in both her individual and official capacities.

### PLRA

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about

conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing her lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

This case is assigned to the docket of Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendant, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendant, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendant, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send ONE summons and ONE Form 285 to the plaintiff together with a copy of this Order.

2. The plaintiff shall, as soon as possible, return the completed summons and 285 forms to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

3. When completing forms for service of process on the State of Nebraska or on state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part : " (1) The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General."

The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without

payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

      5.      Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.  The plaintiff is hereby notified that failure to obtain service on a defendant within 90 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

      6.      If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

      7.      After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court.  Parties usually serve copies of documents on other parties by first class mail.

      8      The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant(s) or to the attorney of any represented defendant.  To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

      9.      A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to the complaint.

      10.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

      11.      The plaintiff shall keep the court informed of her current address at all times while this case is pending.  Failure to do so may result in dismissal.

      12.      General instructions for completing the forms for service of process are attached to this Order.

      DATED this 31st day of October, 2005.

      BY THE COURT:

      s/ F. A. GOSSETT
      United States Magistrate Judge

INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.    A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.    A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.    Do not copy your complaint to attach to the summons; the court will do that for you.

4.    You may serve only defendant(s) named in the case caption of the complaint.  If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.    Be sure to print your case number on all forms.

6.    You must give an address for the party to be served.  The U.S. Marshal will not know a defendant's address.

7.    For service on the State of Nebraska, a State agency or a State employee in his or her *official* capacity, the address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

8.    On the other hand, state employees in their *individual* capacity may be served wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf, e.g., at home or at their present place of employment.

9.    Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

10.   Where a form 285 states:  "send notice of service copy to requestor at name and address" print your name and address.

11.   Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

12.   Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.