IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATRINA CULLUM, ) | |
| ) | |
| Plaintiff, ) | 4:05cv3028 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| JANICE AXDAHL, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the following pending motions: (1) filing no. 25, the Motion for Leave to Amend Complaint to Add Parties, filed by the plaintiff, Latrina Cullum; (2) filing no. 26, the Motion to Dismiss filed by the defendant, Janice Axdahl; and (3) filing no. 29, the plaintiff's Opposition to Motion to Dismiss. This is a civil rights action pursuant to 42 U.S.C. § 1983 in which the defendant is sued in both her individual and official capacities. By law, the defendant in her official capacity is actually the State of Nebraska, acting through a state agency, the Nebraska Department of Correctional Services. In her individual capacity, the action is against Ms. Axdahl personally, and, if the plaintiff prevails against Ms. Axdahl in her individual capacity, Ms. Axdahl would have to compensate the plaintiff out of personal assets.

In the complaint (filing no. 1), as amended (filing no. 19), the plaintiff alleges that the defendant, in charge of the law library at the Nebraska Correctional Center for Women, obstructed the plaintiff's access to the courts by wrongfully denying the plaintiff necessary information regarding how to appeal a disciplinary decision. As part of the disciplinary proceedings, the plaintiff lost credit for good time.

In filing no. 26, the defendant argues that the plaintiff may not litigate her loss of

1

good time because of the principles expressed by the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994). The rule established in Heck v. Humphrey and in Edwards v. Balisok, 520 U.S. 641 (1997), is that if success on the merits of a civil rights claim would implicate the validity of the plaintiff's conviction or of her continued confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding. Absent a favorable result in a habeas or similar challenge, the plaintiff may not use 42 U.S.C. § 1983 to attack a conviction or prison disciplinary measure, even indirectly, if a victory in the § 1983 action could cast doubt on the validity or continued duration of the plaintiff's confinement.[1] See also Muhammad v. Close, 540 U.S. 749, 750-51 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. **Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus**, Preiser v. Rodriguez, 411 U.S. 475, 500 ... (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In Heck v. Humphrey, 512 U.S. 477 ... (1994), we held that **where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence**, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. Accordingly, in Edwards v. Balisok, 520 U.S. 641 ... (1997), **we applied Heck in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative**

---

[1]What that means is that a plaintiff may not bring a civil rights claim which, if she were to win, would suggest that the forfeiture of her good time was erroneous. Good time can affect the date of release, and all matters having to do with release from prison must first be addressed in a habeas corpus or similar action before a civil rights case may be brought on the same facts.

> **process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served.**  In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.

(Emphasis added.)

Granted that the plaintiff may not recover damages for her loss of good time, the essence of her claim is that the defendant obstructed her right of access to the courts and thus, deprived her of First Amendment rights.  See Bounds v. Smith, 430 U.S. 817 (1977), and Lewis v. Casey, 518 U.S. 343 (1996).  In Lewis v. Casey, 518 U.S. at 351-53, the Supreme Court noted that a plaintiff must point to actual injury attributable to the deficiencies in the prison law library and legal assistance.  Presumably, the plaintiff complained of her loss of good-time credit to establish that she indeed suffered a qualifying actual injury.

Accordingly, Janice Axdahl may not be sued for her service, if any, as a member of an Institutional Disciplinary Committee that rendered a disciplinary decision involving a loss of good time, if that decision has not been reversed within the prison system or in a habeas corpus or similar proceeding.  On the other hand, the same person may indeed be sued for her actions in the law library, if those actions amount to a denial of First Amendment rights, as the remedy for a deprivation of First Amendment rights does not affect a prisoner's date of release from incarceration.

The plaintiff will be allowed to amend her complaint to add parties.  At the same time, she may wish to clarify her claim against Ms. Axdahl to indicate that she is not attempting to recover damages or other relief for the loss of good time.

THEREFORE, IT IS ORDERED:

1.  That filing no. 25, the plaintiff's Motion for Leave to Amend Complaint to Add

Parties, is granted; the plaintiff shall have 30 days from the date of this Memorandum and Order to file an Amended Complaint;

    2.    That filing no. 26, the defendant's Motion to Dismiss, is granted in part and denied in part; insofar as the plaintiff may be attempting to recover damages or other relief for her loss of good-time credit, that relief is barred by the Supreme Court's decisions in Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997);

    3.    That filing no. 29, the plaintiff's Opposition to Motion to Dismiss, is granted; and in her Amended Complaint adding additional defendants, the plaintiff is advised to restate her claims to clarify that she is not attempting to recover relief for the loss of good-time credit; and

    4.    That upon the filing of an Amended Complaint, the defendant(s) shall have 20 days thereafter to answer or otherwise respond.

    DATED this 20th day of March, 2006.

                      BY THE COURT:

                        s/ Joseph F. Bataillon
                        JOSEPH F. BATAILLON
                        Chief District Judge